IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Manor Care of Westerville, Ohio,

    Plaintiff,

  v.

Nick H. Johnson, P.C.,

    Defendant.

Case No: 2:15-cv-593

Judge Graham

Magistrate Judge King

## Opinion and Order

This matter is before the court on plaintiff's motion to remand the case to state court. The action was originally filed in the Franklin County, Ohio Court of Common Pleas. On February 11, 2015 defendant removed the action to this court on grounds of diversity jurisdiction. For the reasons stated below, the court finds that the amount-in-controversy requirement is not satisfied and therefore grants the motion to remand.

**I.    Background**

Plaintiff Manor Care of Westerville, Ohio, LLC (d/b/a Heartland of Uptown Westerville) operates a 180-bed skilled nursing facility in Westerville, Ohio. Plaintiff is a Delaware limited liability company with its principal place of business in Ohio. Defendant Nick Johnson is an attorney in Texas and is not licensed to practice law in Ohio. Johnson allegedly does business through the Johnson Law Group, an Ohio limited liability company. The Johnson Law Group was voluntarily dismissed as a defendant prior to removal to federal court.

Plaintiff alleges that defendant placed a false and deceptive advertisement in the *Columbus Dispatch* on January 14 and 20, 2015. The advertisement listed 23 deficiencies for which plaintiff had received citations from the Ohio Department of Health from 2011 to 2014. The advertisement claimed that "these deficiencies are known to cause severe injury, health deterioration, bedsores and even death." The advertisement contained a telephone number for the Johnson Law Group and an address in Texas for Nick Johnson, and it solicited individuals affected by one of the deficiencies to call for a free consultation.

The complaint asserts claims under Ohio's Deceptive Trade Practices Act, O.R.C. § 4165.02 and for defamation. The complaint alleges that the statement that "these deficiencies are known to

cause severe injury, health deterioration, bedsores and even death" is false and deceptive because the actual conduct underlying the citations was not sufficiently serious to have caused severe harm.

The complaint does not seek monetary damages, but requests injunctive relief preventing defendant from future publication of advertisements similar to the ones published on January 14 and 20, 2015. The complaint also seeks an order compelling defendant to publish a retraction in the *Columbus Dispatch* of its January 14 and 20, 2015 advertisements. The complaint contains a request for an award of attorney's fees and costs.

On February 16, 2015, the court denied plaintiff's motion for a temporary restraining order and allowed to lapse a TRO issued by the state court prior to removal.

## II. Removal Jurisdiction

Federal courts have jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A defendant may remove an action originally filed in state court to federal court and invoke federal jurisdiction by filing a notice of removal stating the grounds for removal. 28 U.S.C. § 1446(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A federal court resolves any doubt concerning the propriety of removal in favor of state court jurisdiction. See H.R. ex rel. Reuter v. Medtronic, Inc., 996 F.Supp.2d 671, 676 (S.D. Ohio 2014) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

On a motion to remand, defendant bears the burden of establishing that removal was proper. See Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). Where the amount in controversy is disputed, defendant must prove by a preponderance of the evidence that the amount exceeds $75,000. See Dart Cherokee Basin Operating Co., LLC v. Owens, __ U.S. __ , 135 S.Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). Defendants "do not need to prove to a legal certainty that the amount in controversy requirement has been met," but when the amount in controversy is disputed "the district court must make findings of jurisdictional fact to which the preponderance standard applies." Id. (quoting H.R.Rep. No. 112–10, p. 16 (2011)). Thus, it is the defendant who bears "the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 559 (6th Cir. 2010).

The amount in controversy is typically "determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 407 (6th Cir. 2007) (internal quotation and citation omitted). A plaintiff

is "master of his complaint" and can avoid federal jurisdiction by suing for less than the full amount to which he might be entitled. Smith, 505 F.3d at 407.

When, as here, the plaintiff seeks injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). "[T]here is a circuit split as to whether a court may determine the amount in controversy from the perspective of either party (the 'either viewpoint rule') or whether a court may only consider the plaintiff's viewpoint." Everett v. Verizon Wireless, Inc., 460 F.3d 818, 829 (6th Cir. 2006) (quoting Olden v. LaFarge Corp., 383 F.3d 495, 503 n.1 (6th Cir. 2004)); see also Siding & Insulation Co. v. Acuity Mut. Ins. Co., 754 F.3d 367, 372 (6th Cir. 2014). If measuring the value from the plaintiff's perspective, the court must determine "the value of the right that the plaintiff seeks to protect or the extent of the injury to be prevented." McIntire v. Ford Motor Co., 142 F.Supp.2d 911, 920 (S.D. Ohio 2001). If measuring the value from the defendant's perspective, the court must determine the "expected cost to the defendant of complying with the injunction which the plaintiffs seek." Olden, 383 F.3d at 503 n.1.

Reasonable attorney's fees can be included in the amount in controversy when they are authorized by statute. See Charvat v. GVN Mich., Inc., 561 F.3d 623, 630 n.5 (6th Cir. 2009).

## III. Discussion

In two nearly identical cases to the one at hand, judges of this court have found that the amount-in-controversy requirement was not established by a preponderance of the evidence. See Heartland of Portsmouth OH, LLC v. McHugh Fuller Law Group, PLLC, No. 1:15-cv-007, 2015 WL 728311 (Feb. 19, 2015 S.D. Ohio); Heartland-Mt. Airy of Cincinnati, OH, LLC v. Nick H. Johnson, P.C., No. 1:15-cv-086, 2015 WL 667682 (Feb. 17, 2015 S.D. Ohio). In both cases, the nursing facility plaintiffs filed complaints in state court for injunctive relief against law firm defendants who had placed newspaper advertisements with content similar to the advertisements at issue here. And in both cases, the court granted motions to remand after finding that the removing defendant had failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000. Further, the court in both cases declined to factor attorney's fees into the determination because defendant did not provide any basis from which to determine or estimate what a reasonable award might entail.

Defendant here has not sought to conduct discovery as to the amount in controversy. Instead, it chooses to support its argument for diversity jurisdiction with two pieces of publically-available information. One piece is a recent newspaper article from the *Columbus Dispatch* stating

that the annual per-person cost of long-term care at Ohio nursing homes can exceed $100,000, especially for private rooms. The second piece of information is a print-out from the website LongTermCare.gov showing an average annual per-person cost of $48,600 for assisted living care in Columbus, Ohio and an average annual cost of $76,650 for a semi-private room in a nursing home.

The evidence submitted by defendant is of limited utility in determining the amount in controversy. The complaint does not allege that plaintiff has lost clients or potential clients as a result of defendant's advertisements, which ran on just two occasions. And the information submitted is not specific to plaintiff's facility. Moreover, in both its complaint and motion for a TRO, plaintiff alleged that the advertisements are likely to cause "stigmatic injury" and harm plaintiff's contractual and business relationships in the skilled nursing industry. Defendant has not offered any evidence concerning this alleged harm.

Nor has defendant established by a preponderance of the evidence that the amount in controversy exceeds $75,000 from the defendant's perspective. The complaint seeks an order compelling defendant to publish a retraction in the *Columbus Dispatch*. Defendant has not submitted evidence regarding the cost of publishing a retraction, and the court does not believe that it would cost $75,000.

Finally, defendant has not provided the court with a basis from which to estimate what reasonable attorney's fees would be. An award of attorney's fees is discretionary under the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.03(B). In cases cited by defendant, the highest award upheld on appeal was just over $8,200. See <u>Yocono's Restaurant v. Yocono</u>, 100 Ohio App.3d 11, 651 N.E.2d 1347, 1353 (Ohio Ct. App. 1994). And again defendant does not provide any evidence specific to this dispute that would enable the court to make a reasoned estimate of an attorney's fee award. See <u>Heartland of Portsmouth</u>, 2015 WL 728311, at *3 (noting that a fee award depends on many factors, including the complexity of the case and experience of counsel).

**IV.     Conclusion**

Accordingly, plaintiff's motion to remand (doc. 5) is GRANTED and this action is REMANDED to the Franklin County Court of Common Pleas.

                                                  s/ James L. Graham  
                                                  JAMES L. GRAHAM  
                                                  United States District Judge

DATE: March 2, 2015